THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIMI GEBREKIROS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SKYWEST AIRLINES, INC., a Washington State corporation,<br><br>　　　　　　Defendant. | CASE NO. C15-0210-JCC<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Skywest Airlines Inc.'s motion for summary judgment (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

On January 29, 2015, Plaintiff Mimi Gebrekiros sued Defendant Skywest Airlines, Inc. in King County Superior Court. (Dkt. No. 1-1.) Plaintiff alleged negligence[1] based on a slip and fall

---

[1] Plaintiff moves to amend her complaint, but does not explain the amendment she seeks to make. (*See* Dkt. No. 22 at 2-3.) She first refers to this case as "an action for personal injury" and explains her allegations of negligence, the claim stated in her original complaint. (*See id.* at 3.) Her subsequent reference to Wash. Rev. Code 19.86.093 is ambiguous as to whether she relies on consumer protection or contract law. (*See id.* at 4.) Because the Court cannot determine the amendment Plaintiff wishes to make, her motion is DENIED.

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 1

she experienced on a Skywest-operated airplane. (*Id.* at 1-2.)

Based on the evidence submitted, which chiefly consists of Plaintiff's deposition, the circumstances of the fall were as follows: On December 25, 2014, Plaintiff was on a Skywest Airlines flight from San Jose to Seattle. (Dkt. No. 14-1 at 2.) During the flight, Plaintiff's coffee spilled when the passenger in front of her reclined in her seat. (*Id.* at 4.) Later, as Plaintiff exited the aircraft, she briefly exchanged a "Merry Christmas" with a flight attendant who was standing in the galley near the beverage area. (*Id.* at 6.) Another passenger hurried past Plaintiff, who stepped to the side. (*Id.* at 7.) Plaintiff then took a step towards the exit, when her foot slipped and she landed on her left knee. (*Id.* at 8-10.) When Plaintiff tried to get up, her foot slipped again and she hit her face on a metal bridge on the floor. (*Id.* at 13-15.) After the fall, Plaintiff noticed a wet spot on her knee that was smaller than her hand. (*Id.* at 17.) Plaintiff was later treated for a meniscus tear and a patella fracture. (*Id.* at 23.)

Defendant subsequently removed the case to federal court on the grounds of diversity jurisdiction. (Dkt. No. 1.) On February 1, 2016, Defendant moved for summary judgment. (Dkt. No. 13.) Defendant asserts that there is no question of material fact as to whether a dangerous condition existed or as to whether Defendant knew or should have known about the dangerous condition. (Dkt. No. 13 at 1.) Plaintiff responds that Defendant breached its duty to keep her safe.[2] (Dkt. No. 22 at 7.)

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the

---

[2] At the time her complaint was filed, Plaintiff was represented by counsel. Counsel subsequently withdrew. (Dkt. No. 12.) Plaintiff's response was filed *pro se*.

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248-49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

      **B.**     **Analysis**

Defendant argues that summary judgment dismissal is appropriate, because Plaintiff fails to establish that there was a dangerous condition or, if there was, that Defendant knew or should have known the dangerous condition existed. (Dkt. No. 13 at 6-7.)

In an action for negligence, a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Tincani v. Inland Empire Zoological Soc'y*, 875 P.2d 621, 625 (Wash. 1994). A common carrier owes the highest degree of care toward its passengers commensurate with the practical operation of its services at the time and place in question. *Price v. Kitsap Transit*, 886 P.2d 556, 561 (Wash. 1994). However, a common carrier is not strictly liable for injuries to its passengers and is not the insurer of its passengers' safety. *Tortes v. King County*, 84 P.3d 252, 255 (Wash. Ct. App. 2003); *Rathvon v. Columbia Pac. Airlines*, 633 P.2d 122, 129 (Wash. Ct. App. 1981). The rules for common carriers apply equally to airlines. *Rathvon*, 633 P.2d at 129.

It is well-established in Washington that "something more than a slip and a fall is required to establish either the existence of a dangerous condition, or the knowledge that a dangerous condition exists on the part of the owner or the person in control of the floor." *Brant v. Market Basket Stores, Inc.*, 433 P.2d 863, 865 (Wash. 1967). In places where wetness is to be

expected, such as the floor of a grocery store or a restroom, the mere existence of wetness will not suffice to show that a dangerous condition existed. *See id.* at 865-66. Rather, the plaintiff must show that water made the floor dangerously slippery, and that the defendant knew or should have known both that water would make the floor slippery and that there was water on the floor at the time the plaintiff slipped. *Wiltse v. Albertson's, Inc.*, 805 P.2d 793, 797 (Wash. 1991). To demonstrate knowledge of an unsafe condition, a plaintiff must show that the defendant caused the condition or had actual or constructive notice of it. *Coleman v. Ernst Home Ctr., Inc.*, 853 P.2d 473, 475 (Wash. Ct. App. 1993). Constructive notice will be inferred if the condition exists long enough for a person exercising ordinary care to discover it. *Wiltse*, 805 P.2d at 797.

Here, Plaintiff fails to make an adequate showing that a dangerous condition existed on Defendant's airplane. Even viewing the facts in a light most favorable to Plaintiff, there is only evidence of wetness on Plaintiff's knee, not on the galley floor. Plaintiff's deposition testimony reflects this:

> Q. Did you look at the floor where you had slipped, did you see any water over there?
> A. I did not see any floor. I didn't see anything. I was not paying attention of anything. I was focusing on my knee.
>   . . .
> Q. Okay. After you fell, though, did you see any water on the floor?
> A. I don't have anything in mind to see or – my main focus was on my knee. I was in a lot pain. So I don't know.
> Q. So how do you know you slipped in liquid?
> A. Because I saw the water on my pants.
> Q. On your knee?
> A. Yeah.

(Dkt. No. 14-1 at 17-18.) There is no other evidence to show that there was any liquid on the ground. (*See, e.g.*, Dkt. No. 15 at 1-2.) Especially given Plaintiff's proximity to the beverage cart, where one might expect the existence of wetness, the wet spot on Plaintiff's knee is

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 4

1  insufficient to show that there was a dangerous condition on the airplane.[3]

2  The Court acknowledges that Plaintiff submitted corrections to her deposition. (Dkt. No.
3  14-2.) Under Fed. R. Civ. P. 30(e)(1), a deponent may sign a statement listing corrections to her
4  deposition and the reasons for making such corrections. However, while Rule 30(e) permits
5  corrections "in form or substance," the rule may not be used for contradictory changes.
6  *Hambleton Bros. Lumber Co. v. Balkin Enterps., Inc.*, 37 F.3d 1217, 1226 (9th Cir. 2005). Here,
7  Plaintiff's corrections state that she tried "to look what I [sic] made me fall and there was liquid
8  on the floor" and that "after second fall [sic] I noticed that there was liquid on the floor." (Dkt.
9  No. 14-2 at 12, 16.) These corrections directly contradict Plaintiff's earlier testimony in violation
10 of Rule 30(e). Thus, the Court disregards Plaintiff's deposition corrections.

11 The Court further strikes two pieces of inadmissible evidence submitted in support of
12 Plaintiff's response. First, the Court strikes Plaintiff's reference to settlement negotiations,
13 evidence of which is inadmissible to prove or disprove the validity of a disputed claim under
14 Fed. R. Evid. 408(a).[4] (*See* Dkt. No. 22 at 6.) Second, the Court strikes Plaintiff's sister's
15 statement that Plaintiff told her there was liquid on the floor of the airplane as inadmissible
16 hearsay under Fed. R. Evid. 801 and 802. (Dkt. No. 22-5 at 1.)

17 Nonetheless, even if Plaintiff produced admissible evidence of liquid on the floor,
18 Plaintiff fails to show that Defendant had knowledge thereof. There is no evidence of actual

---

[3] Plaintiff also asserts that: the runway "is both metal and rubberized and does not completely prevent slippage"; Defendant "posted no signs to walk and not run when exiting the aircraft"; and the doorways are "congested, and thereby dangerous in the advent of a quick exit." (Dkt. No. 22 at 8.) Beyond these bare assertions, Plaintiff provides no support to show that these are "dangerous conditions" such that they give rise to a negligence claim.

[4] To the extent Plaintiff references the settlement negotiations to suggest foul play on Defendant's part, her suggestion is not well-taken. (*See* Dkt. No. 22 at 6.) Plaintiff's deposition took place six months after her attorney withdrew and roughly five months after the settlement offer. (S*ee* Dkt. No. 22 at 6; Dkt. No. 12.) This was plenty of time for her to obtain counsel. And, Plaintiff understood that she could dismiss her case without prejudice and refile at a later date. (Dkt. No. 24 at 2.) She chose to proceed *pro se*.

knowledge. (*See, e.g.*, Dkt. No. 15 at 1) (flight attendant's declaration stating that she saw no liquid on the ground). Nor has Plaintiff presented any evidence to show that liquid had been there long enough to impute constructive knowledge to Defendant. Plaintiff thus fails to present sufficient evidence of negligence to withstand summary judgment.

**III.     CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 13) is GRANTED. Plaintiff's negligence claim is DISMISSED with prejudice. The Clerk is DIRECTED to close this case.

DATED this 26th day of April 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE